# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0289V
UNPUBLISHED

| | |
|---|---|
| EMILY BAKER, as Parent and Natural Guardian, on behalf of L.M.B. a minor,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: October 5, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Measles Mumps Rubella Varicella (MMRV) Vaccine; Cellulitis; Infection; Abscess; Scarring; Disfigurement |

*Heather M. Bonnet-Hebert*, Robert B. Feingold & Associates, New Bedford, MA, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 25, 2019, Emily Baker filed a petition on behalf of her minor child, L.M.B., for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that L.M.B. sustained injuries, specifically "left thigh cellulitis, infection, abscess requiring surgical incision and drainage, and significant scarring and disfigurement, that were caused-in-fact by adverse effects of the DTap and MMRV vaccinations . . . administered in L.M.B.'s left thigh on February 27, 2017." Petition at 1; *accord. id.* at ¶¶ 2, 16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 7, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for L.M.B.'s cellulitis, infection, abscess, scarring, and disfigurement. On October 5, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $8,427.23 to satisfy the State of Indiana Medicaid lien; $137,180.78 to purchase the annuity contract described in Section II.B. of the Proffer to provide compensation for L.M.B.'s pain and suffering; and an amount sufficient to purchase the annuity described in Section II.C. of the Proffer to provide compensation for L.M.B.'s expenses. Proffer at 2-5.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $8,427.23, representing compensation for satisfaction of the State of Indiana Medicaid lien, payable jointly to Petitioner and:**

    ANTHEM
    P.O. Box 659940
    San Antonio, TX 78265-9939
    File No.: 107814612
    Attn: Katherine Hettinger

Petitioner agrees to endorse this payment to Anthem for satisfaction of the Medicaid lien;

2. **A lump sum payment of $137,180.78 to purchase the annuity contract described in Section II.B. in the Proffer that will provide payments for L.M.B.'s pain and suffering; and**

3. **An amount sufficient to purchase the annuity contract described in Section II.C. of the Proffer that will provide payments for L.M.B.'s expenses.**

This amount represents compensation for all damages that would be available under § 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                    **s/Brian H. Corcoran**
                                                    Brian H. Corcoran
                                                    Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| EMILY BAKER, as Parent and Natural Guardian, on behalf of L.M.B., a minor,<br><br>                   Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                   Respondent. | No. 19-289V (ECF)<br>Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.**     **Procedural History**

On February 25, 2019, Emily Baker ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (the "Vaccine Act"). Petitioner alleged that petitioner's minor child, L.M.B., suffered an injury that is compensable under the Vaccine Act. ECF No. 1 at 1.

On February 7, 2020, respondent filed a report conceding that compensation under the Vaccine Act is appropriate in this case. ECF No. 22. On the same date, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to compensation, and a Damages Order. ECF Nos. 24-25.

II.     **Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A.     **Medicaid Lien**

Respondent proffers that petitioner should be awarded funds to satisfy the State of Indiana Medicaid lien in the amount of **$8,427.23**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Indiana may have against any individual as a result of any Medicaid payments the State of Indiana has made to or on behalf of L.M.B. from the date of her eligibility for benefits through the date of judgment in this case as a result of L.M.B.'s alleged vaccine-related injury suffered on or about February 27, 2017, under Title XIX of the Social Security Act.  Reimbursement of the State of Indiana Medicaid lien shall be made through a lump sum payment of **$8,427.23**, representing compensation for satisfaction of the State of Indiana Medicaid lien, in the form of a check payable jointly to petitioner and

> ANTHEM
> P.O. Box 659940
> San Antonio TX 78265-9939
> File No.: 107814612
> Attn: Katherine Hettinger

Petitioner agrees to endorse the check to Anthem for satisfaction of the Medicaid lien.

---

[1] Should L.M.B. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

**B.     Pain and Suffering**

For pain and suffering, respondent proffers the amount of **$137,180.78** to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to L.M.B. as set forth below:

    A lump sum of $35,000.00 payable on January 2, 2036.

    A lump sum of $80,000.00 payable on January 2, 2038.

    A lump sum of $160,608.73 payable on January 2, 2040.

The cost of the annuity described in this section II.B shall neither be greater nor less than $137,180.78.  In the event that the cost of the annuity to be purchased is less than or greater than $137,180.78 on the purchase date, the actual lump sum payable on January 2, 2040 will be adjusted accordingly.  Should L.M.B. predecease any of the annuity payments set forth in this section II.B, any remaining annuity payments shall be made to her estate.  In the event that

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

3

L.M.B. dies prior to the completion of the annuity payments described in this section II.B, L.M.B.'s estate representative will provide written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of L.M.B.'s death.

### C. Vaccine-Related Expenses

Respondent proffers that respondent will purchase an annuity contract[5] from a life insurance company[6] for the benefit of L.M.B.[7] subject to the conditions described below, that will provide payments to L.M.B. as set forth below:

> Beginning on the anniversary of the date of judgment in 2031, $17,542.67 per year for four (4) years life contingent, increasing at 5% compounded annually from the date payments begin.

The periodic payments shall be provided to L.M.B. in annual installments. L.M.B. will continue to receive the annuity payments described in this section II.C from the Life Insurance Company

---

[5] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[6] The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

  a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

  b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

  c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

  d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[7] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

only so long as she, L.M.B., is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of L.M.B.'s death.

### III.   Summary of Recommended Payments Following Judgment

    A.    Medicaid lien described in section II.A:    $8,427.23

    B.    An amount of $137,180.78 to purchase the annuity contract described in section II.B;

    C.    An amount sufficient to purchase the annuity contract described above in section II.C.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[8]

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Director
    Torts Branch, Civil Division

    HEATHER L. PEARLMAN
    Deputy Director
    Torts Branch, Civil Division

    LARA A. ENGLUND
    Assistant Director
    Torts Branch, Civil Division

---

[8] At the time the annuity payments will be received, L.M.B. will be an adult, and thus guardianship is not required.

                                                               /s/ Naseem Kourosh
                                                               NASEEM KOUROSH
                                                                Trial Attorney
                                                                Torts Branch, Civil Division
                                                               U.S. Department of Justice
                                                                P.O. Box 146, Benjamin Franklin Station
                                                               Washington, D.C. 20044-0146
                                                               Telephone:  (202) 305-1159
                                                               E-mail:  Naseem.Kourosh@usdoj.gov

DATED:  October 5, 2022