# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0289V
(not to be published)

| | |
|---|---|
| EMILY BAKER, as Parent and Natural Guardian, on behalf of L.M.B. a minor,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: May 30, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Heather M. Bonnet-Hebert*, Robert B. Feingold & Associates, New Bedford, MA, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 25, 2019, Emily Baker filed a petition for compensation on behalf of her minor child, L.M.B., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that L.M.B. sustained injuries, specifically "left thigh cellulitis, infection, abscess requiring surgical incision and drainage, and significant scarring and disfigurement, that were caused-in-fact by adverse effects of the DTap and MMRV vaccinations . . . administered in L.M.B.'s left thigh on February 27, 2017." Petition at 1. On October 5, 2022, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 59.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $30,289.43 (representing $29,565.50 in fees and $723.93 in costs). Petitioner's Request for Attorney's Fees ("Motion") filed Apr. 8, 2023, ECF No. 65. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 65-4.

On Apr. 10, 2023, Respondent reacted to the motion, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 66. Petitioner filed a reply on Apr. 11, 2023, indicating that Petitioner "has no further reply to Respondent's position and respectfully requests that Petitioner's Motion for Attorney's Fees and Costs be granted." ECF No. 67 at 1.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for her attorney Heather M. Bonnet-Hebert at the following rates: $325 per hour for 2018; $340 per hour for 2019; $365 per hour for 2020; $380 per hour for 2021; $402 per hour for 2022; and $417 per hour for 2023.

The hourly rates requested for Ms. Bonnet-Hebert for work performed through the end of 2021 are reasonable and consistent with our prior determinations and will therefore be adopted. Ms. Bonnet-Hebert, however, was previously awarded the rate of $400 per hour for her time billed in 2022, less than what is being requested herein. *See Martin* v. *Sec'y of Health & Human Servs.,* No. 19-1584V, 2022 WL 3641784 (Fed. Cl. Spec. Mstr. Jul. 25, 2022). I find no reason to deviate from the previously awarded rate. Accordingly, I reduce Ms. Bonnet-Hebert's rate to $400 per hour for her time billed in 2022, to be consistent with her previously awarded rate. This results in a reduction of attorney's fees to be awarded of **$33.20**.[3]

Furthermore, Petitioner is requesting paralegal rates as follows: $135 per hour for 2019; $141 per hour for 2020; $148 per hour for 2021; $153 per hour for 2022; and $161 per hour for 2023. ECF No. 65-1. The rates requested for paralegal work performed through the end of 2021 are consistent with our prior determinations and will therefore be adopted, but the 2022 rate requires adjustment. See *Martin,* 2022 WL 3641784. I will reduce the paralegal rate to the previously awarded rate of $152 per hour for 2022. Application of this rate will reduce the request for fees in the amount of **$3.50**.[4]

For time billed in 2023, Petitioner has requested for Ms. Bonnet-Hebert the rate of $417 per hour - representing a rate increase of $17. ECF No. 65-1. And Petitioner requests an hourly rate of $161 for paralegal work performed in 2023. *Id.* at 4. I find these hourly rates to be reasonable and will award the attorney's fees requested for time billed in 2023.

---

[3] This amount consists of ($402 - $400 = $2 x 16.60 hrs = $33.20)

[4] This amount consists of the following: ($153 - $152 = $1 x 3.50 = $3.50).

Lastly, Petitioner has provided supporting documentation for all claimed costs. ECF No. 65-3. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $30,252.73 (representing $29,528.80 for fees and $723.93 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Heather M. Bonnet-Hebert.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.